United States District Court
Southern District of Texas
**ENTERED**
October 16, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAGĒMĀ TECHNOLOGY LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-2444 |
| | § | |
| PHILLIPS 66, PHILLIPS 66 CO., and WRB REFINING L.P., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

This action was brought by plaintiff, Magēmā Technology LLC ("Magēmā"), against defendants, Phillips 66, Phillips 66 Company, and WRB Refining L.P. (collectively, "Defendants"), under the Patent Act of the United States, 35 U.S.C. § 101, et seq., for alleged infringement of four United States Patents for refining marine fuel oil.[1] On August 26, 2026, Porter Hedges LLP ("P&H") filed Porter Hedges LLP's Motion to Intervene under Rule 24(a)(2) ("P&H's Motion to Intervene") (Docket Entry No. 328). Also pending are Magēmā Technology LLC's Response in Opposition to Porter and Hedges LLP's Motion to Intervene under Rule 24(a)(2) ("Magēmā's Response in Opposition") (Docket Entry No. 333), Porter Hedges LLP's Reply in Support of Its Motion to Intervene under Rule 24(a)(2) ("P&H's Reply") (Docket Entry No. 334), Magēmā Technology LLC's Sur-Reply in Opposition to Porter Hedges LLP's Motion to

[1]Complaint for Patent Infringement, Docket Entry No. 1.

Intervene under Rule 24(a)(2) ("Magēmā's Sur-Reply)(Docket Entry No. 335), and Porter Hedges LLP's Motion to Strike Magēmā Technology LLC's Sur-Reply or, in the Alternative, for Leave to File a Response ("P&H's Motion to Strike") (Docket Entry No. 336). Asserting that "[t]he sur-reply distinguishes cases cited in the reply and adds three authorities not cited in Magēmā's response,"[2] P&H seeks an order striking Magēmā's Sur-Reply or, alternatively, an order granting it leave to file a response. Because the court has been able to rule on P&H's Motion to Intervene without relying on or referring to Magēmā's Sur-Reply or to any of the cases newly cited therein, P&H's Motion to Strike will be denied as moot. For the reasons stated below, P&H's Motion to Intervene will be denied.

## I. Factual and Procedural Background

This is a patent infringement action filed by Magēmā against Phillips 66 on July 13, 2020.[3] On March 24, 2020, Magēmā and P&H entered into an Engagement Letter and accompanying Memorandum of Engagement Agreement that states, inter alia, that

> [t]he laws of the State of Texas shall control all aspects of this engagement. Both the Engagement Letter and this Memorandum of Engagement Agreement are made and performable in Houston, Harris County, Texas and all

---

[2]P&H's Motion to Strike, Docket Entry No. 336, p. 2. Page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

[3]Complaint for Patent Infringement, Docket Entry No. 1.

> parties to this agreement hereby submit to exclusive jurisdiction and venue in Harris County, Texas with respect to any dispute arising out of, or in connection with, this engagement.[4]

The Engagement Letter was signed by Miranda Y. Jones ("Jones") for P&H, and by Magēmā's General Counsel, Carter White ("White").[5]

On December 30, 2021, Magēmā and P&H entered into a revised free arrangement for this and another action stating in pertinent part that "[t]he Firm and Clients have agreed to convert both matters to partial contingency fee matters, wherein the Firm will be paid [a percentage] of the invoiced hourly fees beginning on September 1, 2021 and will receive [a percentage] of the Net Sum Recovered in connection with the matters."[6] The revised fee arrangement was signed by Jones and White.[7]

P&H represented Magēmā in this action throughout discovery, pretrial motion practice, and jury trial held in June and July of 2023 that ended in a verdict for Phillips 66.[8] Sometime after the jury trial Jones left P&H for Winstead P.C. ("Winstead").[9]

---

[4]Memorandum of Engagement, Docket Entry No. 328-2, p. 10.

[5]Id. at 3 (Jones' signature) and 4 (White's signature).

[6]See Letter of Memorialization pertaining to a revised fee arrangement for Rigby Refining, LLC et al. v. Wood Group USA, Inc., et al. and Magēmā Tech. LLC v. Phillips 66, et al., Docket Entry No. 328-3, p. 2.

[7]Id. at 3.

[8]See Verdict Form, Docket Entry No. 262.

[9]See P&H's Motion to Intervene, Docket Entry No. 328, p. 4.

Magēmā appealed, represented by Jones and Winstead.[10] The appeal resulted in an Order from the Federal Circuit granting Magēmā a new trial.[11]

On April 24, 2026, at the request of Magēmā's General Counsel, White, P&H filed a Motion to Withdraw as Counsel for Plaintiff Magēmā Technology LLC (Docket Entry No. 320), which the court granted on April 27, 2026 (Docket Entry No. 321).[12]

On July 24, 2026, the court entered an Order of Dismissal (Docket Entry No. 327) stating that Magēmā had notified the court that the parties had reached a settlement during mediation. The Order of Dismissal states that "this action is **DISMISSED WITHOUT PREJUDICE** to the right of counsel to move for reinstatement **within sixty (60) days** of entry of this order on presentation of adequate proof that the settlement could not be consummated."[13]

On August 26, 2026, P&H filed a Motion to Intervene seeking leave to file its Original Complaint in Intervention (Docket Entry No. 328-1) to protect and collect its bargained-for contingent fee, and, in the alternative, recovery in quantum meruit to recoup the value of its services. P&H's Complaint in Intervention asserts federal question and supplemental jurisdiction under 28 U.S.C.

---

[10]See Plaintiff's Notice of Appeal, Docket Entry No. 298.

[11]See Order of the Federal Circuit, Judgment decided September 8, 2025, issued as mandate November 3, 2025, Docket Entry No. 312.

[12]See Order Granting Motion to Withdraw as Counsel for Plaintiff Magēmā Technology LLC, Docket Entry No. 321.

[13]Order of Dismissal, Docket Entry No. 327.

§§ 1331, 1338, and 1367(a) for state law claims of breach of contract, declaratory judgment, and in the alternative, quantum meruit.[14] On the same day the original parties filed a Joint Motion to Dismiss with Prejudice (Docket Entry No. 329).

## II. Porter Hedges' Motion to Intervene

Citing Skinner v. Weslaco Independent School District, 220 F.3d 584 (Table), 2000 WL 959531 (5th Cir. 2000) (per curiam), and Federal Rule of Civil Procedure 24(a)(2), P&H seeks an order allowing it to intervene as a matter of right under Federal Rule of Civil Procedure 24(a)(2), and granting it leave to file an Original Complaint in Intervention Against Magēmā Technology LLC ("Complaint in Intervention") (Docket Entry No. 328-1).[15] Skinner was an employment discrimination suit in which the Fifth Circuit held that a discharged attorney could intervene as a matter of right to assert his contingent fee interest after the named parties settled.

Magēmā responds that P&H's Motion to Intervene should be denied because the court lacks subject matter jurisdiction, and if the court concludes that it has supplemental jurisdiction, the court should decline to exercise it.[16]

---

[14] Porter Hedges LLP's Original Complaint in Intervention Against Magēmā Technology LLC, Docket Entry No. 328-1, pp. 4 ¶¶ 6-7 (jurisdictional allegations), and 9-11 ¶¶ 25-42 (causes of action).

[15] P&H's Motion to Intervene, Docket Entry No. 328, p. 8. See also P&H's Reply, Docket Entry No. 334, p. 10.

[16] Magēmā's Response in Opposition, Docket Entry No. 333, pp. 6-8.

## A. P&H Satisfies Rule 24(a)(2)'s Requirements for Intervention of Right

Intervention of right is governed by Federal Rule of Civil Procedure 24(a). To intervene by right, the prospective intervenor must be "given an unconditional right to intervene by a federal statute," Fed. R. Civ. P. 24(a)(1), or must meet each of the four requirements of Rule 24(a)(2):

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

Texas v. United States, 805 F.3d 653, 657 (5th Cir. 2015) (quoting New Orleans Public Service, Inc. v. United Gas Pipeline Co., 732 F.2d 452, 463 (5th Cir.) (en banc), cert. denied sub nom. Morial v. United Gas Pipeline Co., 105 S. Ct. 434 (1984). P&H alleges that each of Rule 24(a)(2)'s four requirements are satisfied, and argues that when those requirements are satisfied intervention is proper.[17] Relying on Skinner, 220 F.3d 584, 2000 WL 959531, P&H argues that

> [a]s for the first factor, the Fifth Circuit found that the attorney's motion [to intervene], which was filed a week after the defendant filed an advisory with the district court indicating the parties had reached a settlement agreement, was timely. Id. at *2. Second, the court explained that the attorney "clearly" possessed an interest in the subject of the underlying action, relying on a previous case in which the court noted that "'a discharged lawyer does have an interest [in the underlying litigation] for the purposes of intervention.'" Id. [at *1] (quoting Valley Ranch

[17]P&H's Motion to Intervene, Docket Entry No. 328, pp. 6-8.

> Development Co., Ltd v. F[ederal] D[eposit] I[nsurance] C[orp,], 960 F.2d 550, 556 (5th Cir. 1992) (internal quotation marks omitted). Third, the court stated that "a firm with a contingency agreement is 'so situated that the final disposition of the action may as a practical matter impair or impeded its ability to protect that interest.'" Id. (quoting Gaines v. Dixie Carriers, Inc., 434 F.2d 52, 54 (5th Cir. 1970)[(per curiam)]). Finally, the court found that "the parties to the underlying dispute cannot and will not adequately protect [the attorney's] interest." Id. Thus, the Fifth Circuit found that intervention under Rule 24(a)(2) was proper. . . .
>
> Porter Hedges's intervention under Federal Rule of Civil Procedure 24(a)(2) is proper. Porter Hedges timely filed this motion; it has an interest in the subject of the underlying action; disposition of the action would impair or impede its ability to protect its interest; and its interest is inadequately represented by the existing parties to the suit. Therefore, Porter Hedges is permitted to intervene as a matter of right. See Cuevas v. BAC Home Loans Servicing, LP, No. 4:10-CV-31, 2013 WL 237817, at *3 (S.D. Tex. Jan. 22, 2013 (explaining that "the Court must permit intervention as a matter of right under Rule 24(a)[(2)] when an applicant for intervention meets each of the four requirements of the rule") (emphasis in original).[18]

Magēmā does not dispute that P&H satisfies each of Rule 24(a)(2)'s four requirements for intervention of right.[19] Instead, citing Adam Joseph Resources v. CNA Metals, Ltd., 919 F.3d 856, 862 (5th Cir. 2019), Magēmā argues that "[P&H] puts the cart before the horse" because "jurisdiction is an '**absolute prerequisite**' to an [intervention]."[20]

---

[18] Id. at 7-8.

[19] See Magēmā's Response in Opposition, Docket Entry No. 333, pp. 2, 6-9 (arguing only jurisdictional issues).

[20] Id. at 6 (emphasis in the original).

## B. The Court Has Supplemental Jurisdiction Over P&H's Claims

Asserting that P&H's breach of contract and quantum meruit claims do not give rise to a federal question, and that there is also no diversity between P&H and Magēmā, Magēmā argues that "[t]he only possible jurisdictional hook [i]s supplemental jurisdiction under 28 U.S.C. § 1367."[21] Magēmā argues that

> supplemental jurisdiction extends only to claims "factually interdependent" with the claims that founded jurisdiction, or that are necessary to enable a court to "manage its proceedings, vindicate its authority, and effectuate its decrees." . . . [P&H]'s claims are neither. They rise or fall on the Engagement Letter terms and the timing, quality, and results of [P&H]'s representation. There is no factual overlap with the resolved patent claims and no judicial efficiency to be obtained.[22]

Asserting that "the underlying basis for federal jurisdiction has been dismissed, subject to a very limited right of reinstatement 'on presentation of adequate proof that the settlement could not be consummated,'"[23] and citing Energy Management Services, LLC v. City of Alexandria, 739 F.3d 255, 259-60 (5th Cir. 2014), for holding that a settled claim may not serve as an anchor for exercising supplemental jurisdiction over a related state-law claim, Magēmā argues that this court lacks supplemental jurisdiction over the state law claims that P&H seeks to assert.[24]

---

[21] Id.

[22] Id. at 6-7.

[23] Id. at 7 (quoting Order of Dismissal, Docket Entry No. 327).

[24] Id.

Like this case, Adam Joseph involved a law firm's motion to intervene of right under Rule 24(a)(2) in an action by a former client to protect the law firm's interest in the action pursuant to a contingency fee arrangement with the former client. 919 F.3d at 859-60. But unlike this case in which original jurisdiction was based on federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338, original jurisdiction in Adams Joseph was based on diversity of citizenship under 28 U.S.C. § 1332. The District Court held that it could not exercise supplemental jurisdiction over the law firm's claims in intervention because allowing the law firm to intervene would destroy diversity. Id. at 860-61. The law firm subsequently filed a renewed Rule 24 motion to intervene together with a Rule 59(e) motion to alter or amend the judgment asserting inter alia that, aside from diversity jurisdiction, the district court possessed federal question jurisdiction under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, ("the Convention"), which Congress has implemented at 9 U.S.C. § 201, et seq. Id. at 861. The District Court denied the renewed motion to intervene for lack of subject matter jurisdiction because allowing the intervention would destroy diversity. Id. On appeal the law firm

> point[ed] to three potential sources of subject matter jurisdiction [for its claims in intervention]:
> (1) jurisdiction arising directly under the Convention,
> (2) jurisdiction arising from the supplemental jurisdiction statute[, 28 U.S.C. § 1367], and
> (3) jurisdiction ancillary to the court's diversity jurisdiction.

Id. After conducting a detailed analysis of the Convention and its implementing legislation, the Fifth Circuit concluded that the Convention provided an independent basis of federal question jurisdiction for the claims the law firm sought to assert in intervention. Id. at 861-64. Once jurisdiction was decided, the Fifth Circuit conducted a de novo review of the district court's denial of the law firm's motion to intervene. Id. at 864. Upon finding each of Rule 24(a)(2)'s four requirements satisfied, the Fifth Circuit held that the District Court erred in denying the law firm's motion to intervene. Id. at 864-868.

Magēmā relies on Adam Joseph, 919 F.3d at 862 n. 4, for the principle that before considering whether Rule 24(a)(2)'s requirements are satisfied, the court must determine that it possesses subject matter jurisdiction over the proposed claims in intervention. Without disputing the court's need to assure itself that subject matter jurisdiction exists for the claims that P&H seeks to assert in intervention, P&H cites Adam Joseph, 919 F.3d at 865-68, for the principle that once a court's subject matter jurisdiction is established, the court must grant a motion to intervene that satisfies each of Rule 24(a)(2)'s four requirements. But neither Magēmā nor P&H apply the principles for which they each cite Adam Joseph to the jurisdictional dispute in this case.

Because the law firm in Adam Joseph was able to show that the Convention provided an independent basis for federal question

jurisdiction over the claims it sought to assert in intervention, the court did not address the existence supplemental or ancillary jurisdiction. Unlike the law firm in Adam Joseph, P&H does not assert an independent basis for federal question jurisdiction over the claims that it seeks to assert in intervention. Because the Adam Joseph court did not analyze the law firm's assertion of supplemental jurisdiction, the case does not address the issue now before the court.

P&H argues that because the court had original federal question jurisdiction over the underlying patent infringement action, "[t]he [c]ourt maintains supplemental jurisdiction over this attorney-fee dispute pursuant to 28 U.S.C. § 1367(a)."[25] Section 1367(a) states that

> [e]xcept as provided in subsections (b) and (c) or as expressly provided otherwise by Federal Statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

In cases where original jurisdiction is grounded not on diversity but on a federal question, supplemental jurisdiction

[25] Porter Hedges LLP's Original Complaint in Intervention Against Plaintiff Magēmā Technology LLC, Docket Entry No. 328-1, p. 4 ¶ 7.

ordinarily attaches to intervenors who satisfy the requirements of Rule 24(a). See Chambers Medical Foundation v. Chambers, 236 F.R.D. 299, 302 (W.D. La. 2006) ("In cases where original jurisdiction is grounded upon a federal question . . . supplemental jurisdiction ordinarily attaches to the intervention without further ado."), aff'd, 2006 WL 1895462 (W.D. La. July 5, 2006), aff'd sub nom. Chambers Medical Foundation v. Petrie, 221 Fed. Appx. 349 (5th Cir. 2007) (unpublished). See also 13D C. Wright, A. Miller, E. Cooper, and R. Freer, Federal Practice and Procedure § 3567.1, pp. 365-66 (3d ed. 2008) ("[C]laims by or against intervenors of right under Civil Rule 24 will generally satisfy the grant of supplemental jurisdiction under § 1367(a).").

The treatment of intervention in cases where the court's original jurisdiction is based on federal questions differs from cases where original jurisdiction is based on diversity of citizenship. In diversity cases, 28 U.S.C. § 1367(b) deprives courts of supplemental jurisdiction over claims by persons seeking to intervene under Rule 24 when exercise of that jurisdiction would be "inconsistent with the jurisdictional requirements of section 1332." In other words, unlike a proposed intervenor in a federal question case, a proposed intervenor in a diversity of citizenship case must demonstrate an independent jurisdictional basis to support the claims in intervention. See id. at 366 n. 61.

Because Magēmā's Original Complaint asserted claims for patent infringement, the court's original jurisdiction rests on federal statutes, i.e., 28 U.S.C. §§ 1331 and 1338(a). Although Magēmā argues that its claims of patent infringement do not involve the same case or controversy as the state law claims that P&H seeks to assert in intervention, that argument ignores the last sentence of § 1367(a), which explicitly extends supplemental jurisdiction to the intervention of additional parties. Magēmā's argument also ignores the fact that the Fifth Circuit has long permitted district courts to adjudicate fee claims by discharged contingent-fee counsel through intervention in the underlying case. See Adam Joseph, 919 F.3d at 866-68, and Skinner, 220 F.3d at 584, 2000 WL 959531, at *2 (quoting Valley Ranch Development Co., 960 F.2d at 556 ("a discharged lawyer with a contingent fee agreement does have an 'interest' [in the underlying litigation] for the purposes of intervention")). See also Gaines, 434 F.2d at 54 (same), and Keith v. St. George Packing Co., Inc., 806 F.2d 525 (5th Cir. 1986) (recognizing Gaines as binding law in the Fifth Circuit).

Because the court has federal question jurisdiction over Magēmā's claims, and because P&H satisfies Rule 24(a)(2)'s requirements for intervention of right, § 1367(a) provides supplemental jurisdiction for the claims that P&H seeks to assert in intervention. See Gonzales v. City of Austin, No. 1:22-CV-655-RP, 1:23-CV-9-RP, 2023 WL 4940421, *2 (W.D. Tex. August 2, 2023)

("Because the Court has federal question jurisdiction over Plaintiffs' claims, it has supplemental jurisdiction over claims in intervention that meet the requirements of Rule 24."). See also id. at * 3 ("As the Court's original jurisdiction is based on the existence of a federal question, it has supplemental jurisdiction over the claims in intervention.")

## C. The Court Declines to Exercise Supplemental Jurisdiction over P&H's Claims

Although the court has supplemental jurisdiction to consider the claims that P&H seeks to assert in intervention, supplemental jurisdiction "is a doctrine of discretion, not of [ ] right," that the court can decline to exercise for any valid reason. City of Chicago v. International College of Surgeons, 118 S. Ct. 523, 533 (1997). Section 1367(c) states that

> [t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). These circumstances are not exclusive. "A host of factors [ ] including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims" weigh in a court's decision whether to exercise supplemental jurisdiction. City of Chicago, 118 S. Ct. at 534. The court's decision should be mindful of principles of judicial economy, convenience, fairness, and comity. Id. (citing Carnegie-Mellon University v. Cohill, 108 S. Ct. 614, 619-20 (1988)).

Of the four factors identified in § 1367(c), at least two and arguably all four are present in this case. P&H's claims for contingency fees are based on state law. While the law underlying these claims is not necessarily novel or complex, application of that law to the facts of this case is likely to be both novel and complex as Magēmā and P&H both acknowledge that P&H's claims "rise or fall on the . . . timing, quality, and results of [P&H]'s representation."[26] The patent claims over which the court had original jurisdiction have all been resolved. Therefore, the contingency fee claims that P&H seeks to assert in intervention not only predominate over the patent claims that provided the court's original jurisdiction, but also constitute an entirely new

[26]Magēmā's Response in Opposition, Docket Entry No. 333, pp. 6-7; and P&H's Reply, Docket Entry No. 334, p. 3.

controversy. P&H's assertion that its discharge was without cause arguably constitutes an exceptional circumstance because it will require extensive, additional and complex, fact-finding, as to the nature, extent, and quality of the services it provided. The presence of at least two and arguably all of the four § 1367(c) factors persuade the court that its discretionary exercise of supplemental jurisdiction over the claims that P&H seeks to assert in intervention would not be appropriate.

Moreover, because P&H's claims are not typical post-judgment claims for fees where the court is merely required to determine whether the hours and hourly rate claimed by counsel is reasonable, the court does not find that exercise of supplemental jurisdiction over P&H's claims would advance interests of judicial economy, convenience, fairness, or comity. While declining jurisdiction will likely force P&H's fee claims into state court resulting in some delay, expense, and inconvenience to the parties, as is apparent from the motion practice underlying this ruling, the claims that P&H seeks to assert in intervention essentially constitute a new case that would require the court to reopen discovery, resume pre-trial motion practice, and prepare for a new trial focused solely on P&H's claims for attorneys' fees. Although P&H describes the court's familiarity with the underlying patent dispute as an asset, and argues that a state court would begin without that familiarity and without the sealed record on which its

fee claims depend,[27] resolution of P&H's fee claims is not likely to occur more rapidly, more economically, or more conveniently in this court than it would in state court. For these reasons the court declines to exercise supplemental jurisdiction over the claims that P&H seeks to assert in intervention.

## III. Conclusions and Order

For the reasons stated on the second page of this Memorandum Opinion and Order, Porter Hedges LLP's Motion to Strike Magēmā Technology LLC's Sur-Reply or, in the Alternative, for Leave to File a Response, Docket Entry No. 336, is **DENIED as MOOT**.

For the reasons stated in § II, above, Porter Hedges LLP's Motion to Intervene under Rule 24(a)(2), Docket Entry No. 328, is **DENIED**.

**SIGNED** at Houston, Texas, on this 16th day of October, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

[27]P&H's Reply, Docket Entry No. 334, pp. 7-8.